UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEVEN WAYNE MENDENHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:05-cr-053 |
| | ) | 3:08-cv-417 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/GUYTON) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Steven Wayne Mendenhall ("petitioner"). The government moves to dismiss the § 2255 motion as untimely. For the following reasons, the motion to dismiss [Doc. 51] will be **GRANTED**, the § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED**.

Plaintiff pleaded guilty, without benefit of a plea agreement, to the following: possession with intent to distribute cocaine hydrochloride; being a felon in possession of a firearm; and possession of a firearm in furtherance of a drug trafficking crime. By judgment entered June 14, 2006, he received a total effective sentence of 262 months. [Criminal Action No. 3:05-cr-53, Doc. 36, Judgment]. He did not appeal his sentence. Petitioner filed his § 2255 motion on October 7, 2008; the motion was purportedly signed by petitioner on October 1, 2008. [*Id.*, Doc. 49, Motion to Vacate).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *See Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

The judgment in petitioner's criminal case was entered on June 14, 2006, and petitioner did not appeal. Accordingly, the judgment became final on June 28, 2006. Therefore, petitioner had until June 29, 2007, within which to file his § 2255 motion. Petitioner acknowledges in his § 2255 motion that the motion was not filed within the one-year statute of limitation. He asks the Court, however, to accept the motion as timely based upon the alleged failure of defense counsel and subsequent delays.

Petitioner alleges that immediately after sentencing, he instructed his attorney to file a notice of appeal and was assured that the notice would be filed; he also claims that two days later, during a visit in the Knox County Jail, he again told counsel to appeal the sentence and counsel agreed to do so. According to petitioner, after several months went by without hearing how the appeal was progressing, he and his family began attempting to contact defense counsel. Petitioner alleges that more than ten months after sentencing, a family

member finally made contact with defense counsel and learned that no appeal had been filed. Petitioner claims he then began compiling the information necessary for filing a § 2255 motion, but was hindered in his efforts based upon his transfer from the Knox County Jail to the Blount County Jail where he lacked access to a law library, and then his transfer six months later to a state prison, during which his legal work was lost by Blount County officers for five months.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

In its motion to dismiss, the government contends that petitioner's allegations, accepted as true, do not warrant equitable tolling of the statute of limitation because petitioner has not demonstrated either due diligence or that timely filing was prevented by extraordinary circumstances. The government relies on *Brown v. United States*, 20 F. App'x 373 (6th Cir. 2001).

3

In that case, petitioner Brown alleged that the one-year statute of limitation for filing a § 2255 motion should be equitably tolled because "(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was 'in transit' to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls." *Id*. at 373. The district court denied the § 2255 motion as untimely and the Sixth Circuit affirmed. The Sixth Circuit specifically found that Brown's "ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, and Brown offers no explanation for his failure to file during this period." *Id*. at 375 (citation omitted). The Court also found that "to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify because Brown failed in his duty to monitor the status of his appeal." *Id*. (citation omitted). *See also Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (petitioner was not entitled to equitable tolling where he "provided no evidence that he checked the status of his appeal before discovering his attorney's failure to file" an appeal); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling").

Petitioner became concerned about his appeal after hearing nothing for several months and he claims that neither he nor his family was able to contact defense counsel for more than ten months after sentencing. There was nothing, however, preventing petitioner or a member of his family from contacting the Clerk's Office to determine whether the notice of appeal

4

had been filed. Petitioner cannot be said to have diligently pursued his rights in monitoring his appeal.

In addition, in response to the motion to dismiss, petitioner has submitted various documents, including documentation showing that in September, 2007, he complained to the Tennessee Board of Professional Responsibility concerning his attorney's failure to file the notice of appeal. [Criminal Action No. 3:05-cr-53, Doc. 52, Reply, Exhibit 2]. Moreover, in August, 2007, in response to a letter from petitioner concerning his appeal, the Court ordered the Clerk's Office to mail to petitioner the forms for filing a § 2255 motion. [*Id.*, Doc. 40, Order]. Nevertheless, petitioner waited more than one year from that time before filing his § 2255 motion.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, the Court finds that petitioner is not entitled to equitable tolling of the statute of limitation and thus his § 2255 is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The government's motion to dismiss will be **GRANTED**, petitioner's motion to vacate, set aside or correct sentence will be **DENIED** as time-barred, and this action will be

5

Case 3:05-cr-00053   Document 55   Filed 02/10/12   Page 5 of 6   PageID #: 211

**DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6

Case 3:05-cr-00053   Document 55   Filed 02/10/12   Page 6 of 6   PageID #: 212