UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:05-CR-53-TAV-HBG-1 |
| STEVEN W. MENDENHALL, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro se Motion to Correct Time [Doc. 62]. Defendant requests the Court apply the time he served before entering the Bureau of Prisons, arguing that his "almost three years of jail credit" has not been added towards his time computation [*Id.* at 1].[1] In response, the government contends that defendant's motion should be denied as defendant has not identified any authority for the Court to grant such relief [Doc. 63, pp. 1–3]. Furthermore, the government asserts that defendant "has not established any error in the Bureau of Prison's computation of his sentence or its determination that he is not entitled to any jail credit" before he entered the Bureau of Prisons [*Id.* at 3].

As the government submits, defendant's request cannot be granted. A district court "cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)," *United States v.*

---

[1] Based on the record, and the government's response to defendant's motion, it appears that the "almost three years of jail credit" defendant is referring to is the time defendant spent in state custody after he was sentenced by this Court and before he entered the Bureau of Prisons to serve such sentence [*See* Doc. 55, pp. 2–3; Doc. 63, pp. 2–3; Doc. 36].

*Williams*, No. 05-20377-JDB, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008), because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."); *United States v. Thomas*, No. 22-2147, 2023 WL 8450683, at *2 (6th Cir. Dec. 6, 2023) (stating that the district court would have erred if it had relied on § 3585(b) to credit time served to the defendant's sentence). If the Bureau of Prisons declines to credit the defendant's time served, he may then raise his claim through its Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, et seq.). After exhausting his administrative remedies, the defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement, rather than here, in the sentencing Court. *Id.*

Accordingly, defendant's pro se Motion to Correct Time [Doc. 62] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE